IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SOUTHERN WALK AT BROADLANDS HOMEOWNER'S ASSOCIATION, INC., ) ) ) ) Plaintiff, ) ) v. ) ) OPENBAND AT BROADLANDS, LLC, ) ) Defendant. ) ) | Civil No. 1:11-cv-00517 (GBL/TCB) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Openband at Broadlands LLC's ("OBB") Motion for Attorneys' Fees and Expenses. Dkt. No. 52. Plaintiff Southern Walk at Broadlands Homeowner's Association, Inc. ("Southern Walk") brought this action to invalidate its Agreement to Obtain Telecommunications Services ("TSA" or "Agreement") and other agreements with OBB. By Memorandum Opinion and Order entered on February 13, 2012, the Court granted OBB's Motion to Dismiss the Amended Complaint and dismissed the case with prejudice. OBB now requests an award of attorneys' fees and other litigation expenses pursuant to a fee-shifting provision in the TSA.

The issue before the Court is whether OBB is entitled to an award of attorneys' fees and expenses under the TSA, which provides that the prevailing party in litigation "commenced in connection with enforcing" terms of the TSA is entitled to recover costs of litigation. The Court holds that the fee-shifting provision in the TSA does not apply because Southern Walk commenced this litigation to have the TSA declared unenforceable and not in connection with

enforcing provisions of the Agreement. Therefore, OBB is not entitled to an award of attorneys' fees and expenses, and the Court denies OBB's Motion for Attorneys' Fees and Expenses.

## I. BACKGROUND

Southern Walk at Broadlands Homeowner's Association, Inc. ("Southern Walk") is an association for owners of residential properties in the Southern Walk at Broadlands real estate development ("SWAB Development") located in Loudoun County, Virginia. Openband at Broadlands, LLC ("OBB") provides several telecommunications services to the SWAB Development pursuant to its contract with Southern Walk, the Agreement to Obtain Telecommunications Services ("TSA" or "Agreement").

On May 13, 2011 Southern Walk filed a Complaint in this Court against OBB seeking declaratory judgments that TSA and other agreements are void as violative of federal telecommunications policy and Virginia law. On July 29, 2011, after a hearing on OBB's Motion to Dismiss the Complaint, the Court dismissed the Complaint without prejudice. On September 9, 2011, Southern Walk filed its first Amended Complaint. On October 6, 2011, OBB filed its Motion to Dismiss the Amended Complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The matter was briefed, a hearing on the motion was held on October 21, 2011, and the Court took the matter under advisement.

On November 16, 2011, Southern Walk filed its Motion for Leave to File Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). On February 13, 2012, this Court granted OBB's Motion to Dismiss the Amended Complaint and denied Southern Walk's Motion for Leave to File a Second Amended Complaint. The case was dismissed with prejudice.

On February 27, 2012, OBB filed a Motion for Attorneys' Fees and Expenses, seeking to recover $229,783.83 in attorneys' fees and $7636.10 in expenses from Southern Walk based on a fee-shifting provision in the TSA.

## II. STANDARD OF REVIEW

Traditionally, under the "American Rule," the prevailing litigant is not entitled to recover attorneys' fees from the non-prevailing litigant. *Aleyska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). One exception to this rule is when attorneys' fees are provided by statute or a fee shifting provision in a contract. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). If the attorneys' fees are authorized, the court must then take steps to ensure that it awards reasonable attorneys' fees to the prevailing party. First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Second, the court "should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 244. Third, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the [prevailing party]." *Id.*

## III. ANALYSIS

The Court denies OBB's Motion for Attorneys' Fees and Expenses because this action was not commenced in connection with enforcing provisions of the Agreement, and therefore the fee-shifting provision does not entitle OBB to an award of attorneys' fees.

"In Virginia, contractual provisions shifting attorneys' fees, such as the one in this case, are valid and enforceable." *Signature Flight Support v. Landow Aviation, Ltd.*, 730 F. Supp. 2d 513, 518 (E.D. Va. 2010). Virginia courts have held that a "contract is to be construed as a

3

whole, and effect given to every provision thereof if possible." *Kraft Foods N. Am., Inc. v. Banner Eng'g Sales, Inc.*, 446 F. Supp. 2d 551, 557 (E.D. Va. 2006) (quoting *IMWA Equities IX Co., Ltd. P'ship v. WBC Assocs. Ltd. P'ship*, 961 F.2d 480, 483 (4th Cir. 1992)). The court must strictly adhere "to the plain meaning rule of interpreting contracts, whereby clear and explicit language in a contract is to be taken in its ordinary signification." *Breton, LLC v. Lincoln Nat. Life Ins. Co.*, 805 F. Supp. 2d 251, 261 (E.D. Va. 2011); *see also Berry v. Klinger*, 300 S.E.2d 792, 796 (Va. 1983) ("Where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself . . . because the writing is the repository of the final agreement of the parties."). When a particular term is omitted from a contract, the court must apply the principle of *expression unius est exclusion alterius* and find that the omission reflects the parties' intent to exclude it. *Bentley Funding Grp., L.L.C. v. SK & R Grp., L.L.C.*, 609 S.E.2d 49, 56 (Va. 2005). If the court finds that an agreement's terms are ambiguous, "such ambiguity must be construed against the drafter of the agreement." *Martin & Martin v. Bradley Enters., Inc.*, 504 S.E.2d 849, 851 (Va. 1998).

The fee-shifting provision in Section 8.14 of the TSA states:

> The prevailing Party in any litigation, proceeding or action commenced *in connection with enforcing* any of the provisions of this Agreement shall recover any and all expenses incurred in pursuing such litigation, proceeding or action from the non-prevailing Party.

Def.'s Ex. 1 at 17 (emphasis added). The phrase "in connection with" has a plain meaning of "about, as regards, concerning, in respect of, on, respecting, with regard to." Sensagent, http://dictionary.sensagent.com/in+connection+with/en-en/ (last visited July 17, 2012). The term "enforce" has a plain meaning of "to put or keep in force;" "to obtain by force or compulsion;" or "to impose (a course of action) upon a person." RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY 436 (2001). "Enforce" also means "[t]o give force or effect to (a law, etc.); to

4

compel obedience to." BLACK'S LAW DICTIONARY 608 (9th ed. 2009). Synonyms for "enforce" include "administer, . . . carry into effect [or] execution, carry out, . . . effectuate, . . . require, [and] strengthen." WILLIAM C. BURTON, LEGAL THESAURUS 200 (Steven C. DeCosta, ed. 1980). The term "enforcing," as it appears in Section 8.14 of the TSA, refers to an actual action or effort to execute, impose, or effectuate. Thus, in order for the prevailing party to recover attorneys' fees under this provision, according to its plain meaning, a party must have acted to compel or administer terms of the TSA and brought suit or commenced some other proceeding in connection with this enforcement effort. No such effort to enforce or carry out terms of the TSA was made in this case. In bringing this action for the declaratory judgment, Southern Walk did not seek to enforce any provision of the Agreement. For this reason, the fee-shifting provision does not apply.

Southern Walk did not commence this civil action in connection with imposing terms of TSA on OBB or requiring OBB to comply with them, but rather sought a determination that the TSA was void, prohibited, and unenforceable. Also, OBB asserted no counterclaims seeking to enforce the TSA against Southern Walk. The Court rejects OBB's argument that this litigation was about or concerned enforcing the TSA because Southern Walk sought a declaration that the TSA is unenforceable. While the litigation concerned the enforceability of the TSA, it did not concern an actual effort to enforce terms of the TSA, as required to fall within the scope of the fee-shifting provision. The fee-shifting provision does not expressly cover litigation brought to invalidate the TSA. Applying the principle of *expression unius est exclusion alterius*, the Court holds that the omission of such a term was intended by the parties, and therefore the parties intended not to shift the costs of litigation seeking the invalidation of the TSA. Because this action for declaratory judgment was not "commenced in connection with enforcing any of the

provisions of this Agreement," the fee-shifting provision of the TSA does not apply here, and OBB's Motion for Attorneys' Fees and Expenses must be denied.

## IV. CONCLUSION

The Court holds that OBB is not entitled to an award of litigation costs under the TSA because this action was not commenced in connection with enforcing terms of the Agreement and therefore does not fall within the scope of the fee-shifting provision.

Accordingly, it is hereby

ORDERED that Defendant Openband at Broadlands, LLC's Motion for Attorneys' Fees and Expenses is DENIED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

ENTERED this 17th day of August, 2012.

Alexandria, Virginia

8 / 17 / 12

/s/
Gerald Bruce Lee
United States District Judge